IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLLIE LEE EVANS                                                                                PLAINTIFF

VS.                                                                           CIVIL ACTION NO.3:12cv88-FKB

STATE OF MISSISSIPPI, ET AL.                                       DEFENDANTS

MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing[1] in this matter, at which time it conferred with Plaintiff and counsel for Defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Evans is proceeding in this matter *in forma pauperis* and *pro se*.

For the reasons explained in this Memorandum Opinion and Order, the Court finds that Plaintiff's claims should be dismissed as "frivolous."[2] Accordingly, this matter is dismissed with prejudice, and a separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

[2] The term "frivolous" in the context of 28 U.S.C. § 1915(e) does not mean that the plaintiff has failed to state a claim, "but it is to be equated with the raising of a wholly insubstantial federal claim." Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991). In other words, the action may be dismissed if it has no arguable basis for relief either in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Thus, a case may be found to be legally "frivolous" where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

## I. Plaintiff's Claims

Plaintiff's claims arise from the time he was housed as a convicted prisoner at the Central Mississippi Correctional Facility, located in Pearl, Mississippi, and at the Mississippi State Penitentiary, located in Parchman, Mississippi. Plaintiff has sued various prison officials located at both facilities. According to his complaint, the filings in the docket, and his omnibus hearing testimony, Evans is aggrieved that Defendants denied his request for a prison job located at the Mississippi Governor's Mansion in Jackson, Mississippi, because of his "sex charge." With this denial, Evans alleges that Defendants have discriminated against him because of his race and have committed "gender" discrimination against him based on the nature of his conviction, which he describes as a "sex charge." Plaintiff alleges that the denial of the job at the Mississippi Governor's Mansion also demonstrates "deliberate indifference" to him. Plaintiff admitted at the omnibus hearing that no inmates currently work at the Mississippi Governor's Mansion as a part of a prison work program. As relief, Plaintiff requests three million dollars in damages and release from prison. Although his complaint admits that he filed this action before completing any administrative remedy regarding these claims, at the omnibus hearing he stated that he has completed the Administrative Remedy Program.

## II. Discussion

Having considered the Plaintiff's omnibus hearing testimony, his Complaint, and his various filings, the Court finds that Plaintiff's allegations simply do not state a claim of constitutional proportions. In simple terms, Plaintiff complains that he was denied a prison job based upon his inmate classification which, according to his filings, is based in part upon his conviction of a "sex charge." His claim fails on two bases. First, it is well-settled that a prisoner

does not have a legitimate property interest in certain jobs which would entitle him to due process protection. Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995). Second, the restrictions on his privileges and classifications fail to rise to the level of a constitutional violation because they do not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Sandin v. Conner, 515 U.S. 472 (1995). Because "a prison inmate does not have a protectable liberty or property interest in his custodial classification," logic dictates that "an inmate's disagreement with a classification is insufficient to establish a constitutional violation." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995)(citing Wilson v. Budney, 976 F.2d 957 (5th Cir. 1992)). Put another way, because the plaintiff relies on a "legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is indisputably meritless." Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (a Mississippi case). Thus, Plaintiff's claims are meritless and are hereby dismissed.

### III. Conclusion

Thus, for the reasons stated above, the Court finds that Plaintiff's claims should be dismissed with prejudice, as "frivolous." Because the Court finds that dismissal of the action is appropriate, Plaintiff's Motion for Partial Summary Judgment (Docket No. 58) and Motion for Settlement Conference (Docket No. 65) are denied as moot. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED, this the 10th day of May, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE